**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INEZ BURMAN,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:10-cv-1811-Orl-22KRS**

**AMBASSADORS FOR CHRIST PRAISE MINISTRIES, INC.,**

_____

## ORDER

This cause comes before the Court for consideration of Plaintiff Inez Burman's Motion to Proceed In Forma Pauperis (Doc. No. 2), filed on December 6, 2010. United States Magistrate Judge Karla R. Spaulding submitted a Report and Recommendation ("R & R") (Doc. No. 3) recommending that that motion to proceed in forma pauperis be denied and Burman's Complaint (Doc. No. 1) be dismissed without prejudice. After an independent *de novo* review of the record in this matter, and noting that Burman does not object to the Magistrate Judge's findings concerning jurisdiction, the Court agrees entirely with the findings of fact and conclusions of law in the R & R.

In forma pauperis proceedings are governed by Title 28, United States Code, Section 1915. The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to

pay such fees or give security therefor." 28 U.S.C. § 1915(a). When considering a motion to proceed in forma pauperis pursuant to this statute, the first determination for the court " 'is whether the statements in the affidavit satisfy the requirement of poverty.' " *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)). Based on Burman's application, it appears that Burman receives $647.00 per month in disability income and has no apparent assets. The Court determines that the affidavit is sufficient on its face to demonstrate economic eligibility.

If the affidavit is "sufficient on its face to demonstrate economic eligibility," the court should first docket the case and then determine, pursuant to 28 U.S.C. § 1915(e)(2), whether the asserted claim is frivolous or fails to state a claim. *See Martinez*, 364 F.3d at 1307 (quoting *Watson*, 525 F.2d at 891). Section 1915(e)(2) provides that a court shall dismiss the case of a plaintiff proceeding in forma pauperis at any stage if the allegation of poverty is untrue, if the court is satisfied that the action is frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief.

However, as the Magistrate Judge stated in the R & R, the Court sua sponte addresses whether it may exercise subject matter jurisdiction over Burman's claims. The Court agrees that the complaint does not establish subject matter jurisdiction. Burman has not pled the citizenship of the parties; therefore, Burman has not pled any basis to establish jurisdiction based on diversity. Nor has Burman pled federal question jurisdiction – that the claims arise under the laws or Constitution of the United States. Though pro se pleadings are held to a less strict standard than those drafted by lawyers and are construed liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court does not have "license to serve as de facto counsel for a

party" or to "rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).   The Court adopts the R & R's jurisdictional analysis and determines that Burman's complaint fails to establish subject matter jurisdiction, either through diversity or federal question jurisdiction.   The Court will deny the motion to proceed in forma pauperis and dismiss the complaint.

The Court also will deny Burman's request that was filed as a Motion for Miscellaneous Relief (Doc. No. 5) on December 17, 2010.  Burman states, "I'm asking [for] a supernatural financial; [sic] spiritual blessing; [sic] to me in my present life now."  (Doc. No. 5 p. 2.) Burman then asks for a "court date."  (*Id.* at 3.)  Burman's request will be denied because Burman has not established the Court's jurisdiction, as explained above.

Based on the foregoing, it is ORDERED as follows:

1. The Report and Recommendation filed December 8, 2010 (Doc. No. 3), is ADOPTED and CONFIRMED and made a part of this Order.

2. Plaintiff Inez Burman's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2), filed on December 6, 2010, is DENIED.

3.   Plaintiff Inez Burman's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.  Plaintiff is hereby given leave to file an amended complaint, on or before February 2, 2011.  This shall not serve as an opportunity for Plaintiff to add new claims but instead offers Plaintiff another attempt to sufficiently plead jurisdiction and factually support the existing claims as set forth in this Order.  If Plaintiff files an amended complaint, Plaintiff should also file a renewed motion to proceed in forma pauperis.  Failure to file an amended complaint by this date may result in dismissal of this case without further notice.

    4. The Motion for Miscellaneous Relief (Doc. No. 5), filed on December 17, 2010, is DENIED.

    **DONE** and **ORDERED** in Chambers, in Orlando, Florida, on January 4, 2011.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party